UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCKEFELLER PHOTOS, LLC.,

Plaintiff,

v.

FULL STACK LLC., d.b.a. MILLED.COM,

Defendant.

Case No.: 1:25-cv-06764-JAV

**DEFENDANT FULL STACK LLC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Natalie Sulimani, Esq.
*Attorney for Defendant*
150 Broadway, Suite 1703,
New York, NY 10038
(212) 863-9614
natalie@sulimanilawfirm.com

# TABLE OF CONTENTS

**Page(s)**

**I. Introduction and Procedural Background**.......................................................... 1-2

**II. Legal Standard**.......................................................................................... 2-3

**III. Request for Judicial Notice**................................................................. 3-5

A. Plaintiff's Business Organization Records
From the State of Florida (*Exhibit A*)............................................................. 4

B. Federal Court Docket Records (PACER) Showing Lawsuits
Filed by Plaintiff and Prepared Food Photos (*Exhibit B*)................................ 4-5

**IV. Argument**.................................................................................................. 5-14

1. Lack of Standing.................................................................................. 5-8

2. Statute of Limitations.......................................................................... 8-9

3. Failure to Join Necessary Parties....................................................... 9-11

A. Prepared Food Photos Is an Indispensable Party.............................. 10

B. Failure to Join the Actual Publisher:
meatprocessingproducts.com.......................................................... 10

C. Dismissal Is Required.................................................................... 10-11

4. Ownership and Registration Deficiencies.......................................11-12

5. Failure to State a Plausible Claim..................................................... 12-14

**V. With Prejudice Dismissal is Warranted**.................................................. 15-16

**VI. Conclusion**.............................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
944 F.2d 971, 980 (2d Cir. 1991)……………………………………...………………. 5, 7

*Apotex Inc. v. Acorda Therapeutics, Inc.*,
823 F.3d 51, 60 (2d Cir. 2016)…………………………………………………...………. 4

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)………………………………………………………..…. 2, 3, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)………………………………………………………….. 3, 12

*Chambers v. Time Warner, Inc.*,
282 F.3d 147, 152–53 (2d Cir. 2002)……………………………………………………. 3

*CoStar Grp., Inc. v. LoopNet, Inc.*,
373 F.3d 544 (4th Cir. 2004)……………………………………………………..… 13, 14

*CP Solutions PTE, Ltd. v. Gen. Elec. Co.*,
470 F. Supp. 2d 151, 155 (D. Conn. 2007)……………………………..……………… 9

*Davis v. Blige,*
505 F.3d 90, 98 (2d Cir.2007)…………………………………………………………..….. 7

*Eden Toys, Inc. v. Florelee Undergarment Co*.,
697 F.2d 27, 32 (2d Cir. 1982)……………………………………..………….. 5, 7, 11, 13

*HyperQuest, Inc. v. N'Site Solutions, Inc*.,
632 F.3d 377, 382 (7th Cir. 2011)………………………………………………………….. 6

*John Wiley & Sons, Inc. v. DRK Photo*,
998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd,* 882 F.3d 394 (2d Cir. 2018)………...…………. 6, 8

*Kramer v. Time Warner Inc.*,
937 F.2d 767, 774 (2d Cir. 1991)………………………………………...………… 4

*Mangiafico v. Blumenthal*,
471 F.3d 391, 398 (2d Cir. 2006)……………………………………………….………. 4

*Merck & Co. v. Reynolds*,
559 U.S. 633, 644 (2010)……………………………………………………………..… 9

**TABLE OF AUTHORITIES (Cont.)**

**Page(s)**

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
795 F.3d 997, 1002 (9th Cir. 2015)………………………………………………...…. 11, 13

*Papasan v. Allain*,
478 U.S. 265, 286 (1986)…………………………………………………………………… 3

*Peregrine Myanmar Ltd. v. Segal*,
89 F.3d 41, 49 (2d Cir. 1996)…………………………………...………………………..……10

*PK Music Performance, Inc. v. Timberlake*,
2018 WL 4759737, at *4 (S.D.N.Y. Sept. 30, 2018)………………………………………..… 9

*Plunket v. Doyle*,
No. 99 Civ. 11066(KMW), 2001 WL 175252, at *5 (S.D.N.Y. Feb. 22, 2001)…………...……. 7

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
907 F. Supp. 1361 (N.D. Cal. 1995)…………………………………………………...….. 14

*Republic of Philippines v. Pimentel*,
553 U.S. 851, 867 (2008)……………………………………………………………...………… 10

*Righthaven LLC v. Hoehn*,
716 F.3d 1166, 1170–71 (9th Cir. 2013)……………………………………….………… 6, 12

*Sohm v. Scholastic Inc.*,
959 F.3d 39, 50–51 (2d Cir. 2020)……………………………………………………………….. 9

*Viacom Int'l, Inc. v. Kearney*,
212 F.3d 721, 725 (2d Cir. 2000)…………………………………………………...…………... 10

*Warren Freedenfeld Assocs., Inc. v. McTigue*,
531 F.3d 38, 44 (1st Cir. 2008)…………………………………..……………………..………… 9

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015)……………………………………..……… 4

*Wu v. Pearson Educ., Inc.*,
277 F.R.D. 255, 266 (S.D.N.Y.2011)…………………………………………………...….. 7

*Yong Ki Hong v. KBS Am., Inc.*,
951 F.Supp.2d 402, 430 (E.D.N.Y.2013)……………………………………………...…. 7

**STATUTES**

17 U.S.C. § 106…………………………………………………………………….. 6, 7

17 U.S.C. § 204(a)……………………………………………………….……. 11, 12

17 U.S.C. § 410(c)……………………………………………………….………. 11, 12

17 U.S.C. § 411(a)………………………………………………………………… 11

17 U.S.C. § 501 *et seq*……………………………………………………………………. 1

17 U.S.C. § 501(b)……………………………………….....…………………….…. 5, 6

17 U.S.C. § 507(b)…………………………..……………………………………..… 8

**FEDERAL RULES OF CIVIL PROCEDURE/EVIDENCE**

F.R.E 201……………………………………………………………………………... 3

F.R.C.P 8(a)……………………………………………………………………….. 12

F.R.C.P 12(b)(6)…………………………………………………..………... 1, 2, 3, 13, 14

F.R.C.P 12(b)(7)……………………………………………………………..…. 1, 11

F.R.C.P 19(a)……………………………...……………...………………………………….. 9

## I. Introduction and Procedural Background

Defendant Full Stack LLC., d.b.a Milled.com ("Defendant") respectfully moves to dismiss the First Amended Complaint ("Complaint") filed by Plaintiff Rockefeller Photos, LLC ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7). Plaintiff alleges that Defendant infringed its purported exclusive rights in a photograph titled "RawPorkSausageItalianHot003_ADL, 08-21-1997" (the "Work"), which Plaintiff claims to have acquired from Prepared Food Photos, Inc. ("Prepared Food Photos") through "one or more written agreements." The Complaint asserts that Defendant displayed the Work on its website without authorization, and seeks actual or statutory damages, attorneys' fees, and injunctive relief under the Copyright Act, 17 U.S.C. § 501 et seq.

Defendant milled.com operates as a passive aggregator of third-party email newsletters. Its function is limited to collecting and displaying content submitted by third parties, without any editorial oversight or active participation in the creation or publication of that content. Defendant does not curate, edit, or otherwise exercise volitional control over the material that appears on its platform.

The procedural posture of this matter is as follows: Plaintiff first sent a demand letter to current counsel for the Defendants regarding this issue in July of 2023. In accordance with the Defendant's copyright policy, the subject image was promptly taken down at that time. Plaintiff then curiously filed this Complaint in the Eastern District of California against the wrong Defendant on January 10, 2025 (Dkt. 1), despite the aforementioned contact with current counsel. Roughly five (5) months later, Plaintiff filed a Motion to amend the complaint and to transfer the case to the Southern District of New York (Dkt. 8). The case was then transferred to the Northern District of New York. Plaintiff, despite knowing full well that the Northern District of New York was not the proper venue for this action, still chose to file a

motion to amend, and subsequently, its First Amended Complaint in said District, attaching as exhibits the copyright registration certificate and a screenshot of the alleged infringing use. After counsel for the Defendant spent substantial time preparing pro hac vice paperwork and scrambled to get admitted into the Northern District of New York, Plaintiff filed another motion to transfer the case to the Southern District of New York (Dkt. 20). Finally, on July 15, 2025, this case landed in the proper jurisdiction seven (7) months after it was originally filed.

The Plaintiff's procedural missteps in this matter are not mere oversights, rather, they reflect a pattern of reckless disregard for basic jurisdictional requirements. Plaintiff's disregard for proper venue, despite direct communication with defense counsel spanning back over two years, evince a calculated attempt to harass the Defendant and manipulate the judicial process for tactical advantage rather than to seek legitimate relief, all while simultaneously increasing the cost of litigation for the Defendant, precisely as their demand letter threatened to do. [1] These tactics have unnecessarily burdened the courts and the Defendant, and are indicative of bad faith and abusive litigation tactics.

Defendant now moves to dismiss the Complaint in its entirety and with prejudice on the grounds that Plaintiff lacks standing, the claim is barred by the statute of limitations, Plaintiff failed to join necessary parties, the copyright is not registered to Plaintiff, and the Complaint otherwise fails to state a plausible claim for relief.

## II. <u>Legal Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[1] Mr. DeSouza's June 7, 2023 demand letter threatens the Defendant with exposure to "*attorneys' fees includ[ing] those you will be forced to incur to mount a defense.*"

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

While the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, the Court may consider not only the complaint itself but also documents attached to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). The Court's role is to assess whether the complaint contains enough factual matter, taken as true, to raise a right to relief above the speculative level and to ensure that the claim is facially plausible, not merely possible. *Twombly*, 550 U.S. at 555, 570.

The Plaintiff's Complaint in this matter is not just insufficient, it is a textbook example of the kind of threadbare, conclusory pleading that the Supreme Court and District Courts have repeatedly condemned. Plaintiff's reliance on conclusory allegations and legal boilerplate, rather than actual facts, is emblematic of its broader strategy to weaponize litigation rather than pursue legitimate claims.

## III. <u>Request for Judicial Notice</u>

Pursuant to Federal Rule of Evidence 201, Defendant respectfully requests that the Court take judicial notice of two categories of public records, which are attached hereto as Exhibits A and B:

**A. Plaintiff's Business Organization Records from the State of Florida (*Exhibit A*):**

These records, obtained from the official website of the Florida Department of State, Division of Corporations, reflect the formation, status, and organizational details of Rockefeller Photos, LLC. Courts routinely take judicial notice of business entity records maintained by state agencies, as such records are matters of public record and their accuracy cannot reasonably be questioned. See, e.g., *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (taking judicial notice of public records from government websites); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (taking judicial notice of business entity records from state websites).

**B. Federal Court Docket Records (PACER) Showing Lawsuits Filed by Plaintiff and Prepared Food Photos (*Exhibit B*):**

Exhibit B consists of case listings from the Public Access to Court Electronic Records (PACER) system, reflecting the number of federal lawsuits filed by Rockefeller Photos, LLC and its predecessor, Prepared Food Photos, Inc. Courts may take judicial notice of court filings and dockets in other cases, as these are public records whose authenticity is not subject to reasonable dispute. See, e.g., *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice"); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice of court documents appropriate on motion to dismiss).

Both categories of records are relevant to the issues of standing, the nature and purpose of Plaintiff's business, and the application of the statute of limitations, as discussed in the accompanying memorandum. Because these documents are not subject to reasonable dispute and

are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, judicial notice is appropriate under Rule 201.

Plaintiff's business records and litigation history reveal a pattern of predatory litigation as opposed to any genuine business activity. The public records submitted here expose Plaintiff as a shell entity, created for the sole purpose of manufacturing lawsuits. Plaintiff is not a bona fide rights holder, but a litigation proxy designed to exploit the courts.

## IV. Argument

### 1. Lack of Standing

Plaintiff Rockefeller Photos, LLC lacks standing to bring this copyright infringement action because it is not the legal or beneficial owner of any exclusive right under the Copyright Act. In the context of copyright infringement, only the legal or beneficial owner of an exclusive right under copyright is entitled to sue for infringement. 17 U.S.C. § 501(b); see also *ABKCO Music, Inc. v. Harrisongs Music, Ltd*., 944 F.2d 971, 980 (2d Cir. 1991).

The Complaint itself alleges that "Prepared Food Photos" is "the owner of the work and remained the owner at all times material hereto." *Complaint* ¶ *10*. While Plaintiff further alleges that it was conveyed "certain exclusive rights in the Work, (*id.* ¶ *11*)" this assertion is both conclusory and contradicted by the explicit admission that Prepared Food Photos is and has always been the owner. The Complaint fails to attach or describe with specificity any written agreement that would establish Rockefeller Photos as the legal or beneficial owner of an exclusive right, as required by the Copyright Act. See *Eden Toys, Inc. v. Florelee Undergarment Co*., 697 F.2d 27, 32 (2d Cir. 1982) (exclusive rights must be transferred in writing to confer standing).

Moreover, the factual record demonstrates that Rockefeller Photos is a litigation vehicle, created by an executive of Prepared Food Photos for the sole purpose of bringing lawsuits on its

behalf (*Exhibit A*). Rockefeller Photos has no online presence, no website, no social media, and does not advertise or license photographs. In fact, the only thing that Google search of the Plaintiff will reveal, is the multitude of federal lawsuits they have filed over the past eight months. Instead, all photographs from the copyright registration attached to the Plaintiff's Complaint are posted for purchase on the website preparedfoodphotos.com, not on any platform operated by Rockefeller Photos. Such facts further undermine any claim that Rockefeller Photos is a bona fide owner or exclusive licensee of the Work. Publicly available business records indicate that Rockefeller Photos was established in December of 2024 (*Exhibit A*) and began filing federal lawsuits on behalf of Prepared Food Photos **less than a month later**, including this one. (*Exhibit B*).

The Second Circuit has held that a plaintiff must plead **and prove** ownership of an exclusive right to have standing to sue for copyright infringement. See *HyperQuest, Inc. v. N'Site Solutions, Inc*., 632 F.3d 377, 382 (7th Cir. 2011) (applying Second Circuit law). Here, Plaintiff's contradictory and conclusory allegations, unsupported by any documentary evidence, are insufficient to establish standing. See *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1170–71 (9th Cir. 2013) (litigation vehicle with no actual ownership or exclusive rights lacks standing).

Section 501(b) of the Copyright Act establishes who may sue for infringement of a copyright, authorizing: The legal or beneficial owner of an exclusive right under a copyright ... to institute an action for any infringement of that particular right committed while he or she is the owner of it. *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd,* 882 F.3d 394 (2d Cir. 2018).

The "exclusive rights" referenced in Section 501(b) are set out in Section 106 of the Copyright Act, and include, as pertinent to the pending claims:

> the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works

> based upon the copyrighted work; (3) to distribute copies of phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending ... [and] (5) in the case of ... pictorial ... works ... to display the copyrighted work publicly.

See 17 U.S.C. § 106; *Davis v. Blige,* 505 F.3d 90, 98 (2d Cir.2007) ("These rights include 'reproducing,' 'preparing derivative works,' 'distributing,' 'performing,' or 'displaying' a creative work." (quoting 17 U.S.C. § 106)).

It is impossible that the Plaintiff here has the "exclusive right" to "reproduce… distribute… or display" the Work at issue when the Work is "distributed" and "displayed" on the website for Prepared Food Photos Inc., and the Work is licensed and sold exclusively by Prepared Food Photos Inc., through their website. Plaintiff even admits this fact when they state in their Complaint that "[Prepared Food Photos Inc.] is the owner of the Work and has remained the owner at all times material hereto." *Complaint ¶ 10*. This proves that the Plaintiff is nothing more than a litigation vehicle for Prepared Food Photos and therefore lacks standing to bring forth this action under well-settled Second Circuit precedent, as the Court in *Eden Toys* made clear, the Copyright Act does not permit "holders of rights under copyrights to choose third parties to bring suits on their behalf." 697 F.2d at 32 n. 3. This principle has been followed in numerous subsequent decisions in the Second Circuit and courts throughout this Circuit. See, e.g., *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir.1991) "[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf."); see also *Plunket v. Doyle*, No. 99 Civ. 11066(KMW), 2001 WL 175252, at *5 (S.D.N.Y. Feb. 22, 2001) ("The *Eden* Court noted that it did not believe that the Copyright Act permits holders of rights under copyrights to choose third parties to bring suits on their behalf." (*Yong Ki Hong v. KBS Am., Inc*., 951 F.Supp.2d 402, 430 (E.D.N.Y.2013) "*Eden Toys*" makes clear that a copyright owner cannot, by contract or otherwise, grant a non-exclusive licensee the right to sue for copyright infringement.") (*Wu v.*

*Pearson Educ., Inc.*, 277 F.R.D. 255, 266 (S.D.N.Y.2011) "[T]o the extent that the licensing agreements or the contracts between the photo bureaus and the photographers specifies that only the photo bureaus may bring suit, they are likely unenforceable."

The record before the Court here makes it very clear that any purported "agreement" between the Plaintiff and Prepared Food Photos is "nothing more than disguised assignments of the bare right to sue that [do] not provide the plaintiff with standing to sue on behalf of the [owner of the Work]." *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014).

Plaintiff's transparent attempt to manufacture standing through contradictory and unsupported assertions is not only legally deficient, but also indicative of a deliberate effort to mislead the Court regarding its true role as a litigation proxy. This is a calculated abuse of the Copyright Act, not a good faith dispute.

**2. Statute of Limitations**

Plaintiff's copyright claim is barred by the applicable statute of limitations. Under 17 U.S.C. § 507(b), "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The Complaint alleges that Defendant's alleged infringing act—displaying the Work on its website—occurred in January 2019. Plaintiff did not file suit until 2025, more than six years after the alleged infringement, well outside the three-year limitations period.

While the Complaint attempts to invoke the "discovery rule" by alleging that Plaintiff discovered the infringement in January 2023 (*Complaint* ¶ *19*), this is insufficient to toll the statute of limitations in this case. The Second Circuit has recognized that the discovery rule may not apply where the plaintiff is a sophisticated repeat litigant or where the facts demonstrate that the plaintiff

should have discovered the alleged infringement with reasonable diligence. See *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50–51 (2d Cir. 2020); see also *Merck & Co. v. Reynolds*, 559 U.S. 633, 644 (2010) (discovery rule applies only where the plaintiff exercised reasonable diligence).

Here, Plaintiff and its predecessor, Prepared Food Photos, have filed over **three-hundred** copyright lawsuits in federal court, demonstrating a high degree of sophistication and experience in monitoring and enforcing their purported rights (*Exhibit B*). Courts have held that such plaintiffs are not entitled to the benefit of the discovery rule, as they are expected to exercise reasonable diligence in identifying potential infringements. See *PK Music Performance, Inc. v. Timberlake*, 2018 WL 4759737, at *4 (S.D.N.Y. Sept. 30, 2018) (sophisticated copyright plaintiff not entitled to discovery rule where reasonable diligence would have revealed infringement).

Moreover, the Complaint fails to allege any specific facts demonstrating why the alleged infringement could not have been discovered earlier with reasonable diligence. Conclusory allegations of late discovery are insufficient to toll the statute of limitations. See *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008). Plaintiff's invocation of the discovery rule is a cynical ploy, inconsistent with its extensive litigation history.

**3. Failure to Join Necessary Parties**

Plaintiff's Complaint must be dismissed for failure to join indispensable parties under Federal Rule of Civil Procedure 19. Rule 19(a) requires joinder of any party whose absence would prevent the court from according complete relief among existing parties, or who claims an interest relating to the subject of the action and is so situated that disposing of the action in their absence may impair or impede their ability to protect that interest, or leave existing parties at substantial risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a); *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 470 F. Supp. 2d 151, 155 (D. Conn. 2007).

**A. Prepared Food Photos Is an Indispensable Party**

The Complaint expressly alleges that "Prepared Food Photos" is "the owner of the work and remained the owner at all times material hereto". *Complaint ¶ 10*. As the alleged registered copyright owner, Prepared Food Photos has a direct and substantial interest in the subject matter of this litigation. Courts have consistently held that the actual copyright owner is a necessary party to an infringement action, as their rights may be directly affected by the outcome. See *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000) (copyright owner is a necessary party under Rule 19).

Plaintiff's failure to join Prepared Food Photos deprives the Court of the ability to accord complete relief and risks impairing the rights of the true owner. Any judgment rendered in the absence of Prepared Food Photos would be incomplete and potentially subject to collateral attack.

**B. Failure to Join the Actual Publisher: meatprocessingproducts.com**

The Complaint further fails to join the entity that allegedly posted the image on Defendant's website, namely "meatprocessingproducts.com" (*Complaint p. 4*). If, as alleged, this third party was responsible for the initial publication or distribution of the Work, it is a necessary party for a full adjudication of liability and damages. See *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) (parties whose conduct is central to the dispute are necessary under Rule 19).

**C. Dismissal Is Required**

Because both Prepared Food Photos and meatprocessingproducts.com are indispensable parties whose interests cannot be adequately protected in their absence, dismissal is warranted. See *Republic of Philippines v. Pimentel*, 553 U.S. 851, 867 (2008) (dismissal required where necessary

parties cannot be joined and their absence would prejudice their interests or the parties before the court).

Plaintiff's calculated omission of indispensable parties is yet another example of its bad faith litigation tactics, designed to obfuscate the true ownership of the Work and to shield its dubious claims from proper judicial review. Plaintiff's failure to join these parties is fatal to its claim and requires dismissal under Rule 12(b)(7).

**4. Ownership and Registration Deficiencies**

Plaintiff's claim is further deficient because the copyright in question is not registered to Rockefeller Photos, LLC, as required by 17 U.S.C. § 410(c). The Complaint and its attached "Exhibit A" demonstrate that the copyright registration for the Work is not held by the Plaintiff. Registration in the name of the plaintiff is a statutory prerequisite to bringing a copyright infringement action. See 17 U.S.C. § 411(a); *Minden Pictures, Inc. v. John Wiley & Sons, Inc*., 795 F.3d 997, 1002 (9th Cir. 2015) (plaintiff must be the owner or exclusive licensee of a registered copyright to have standing). This is not a defense from liability, it is a bar to bringing suit in the first place.

The Complaint's allegations regarding ownership are both conclusory and internally inconsistent. While Plaintiff asserts that it was conveyed "certain exclusive rights in the Work," it simultaneously admits that Prepared Food Photos "is the owner of the work and remained the owner at all times material hereto." The Complaint fails to attach or describe with specificity any written agreement transferring exclusive rights to Plaintiff, as required by 17 U.S.C. § 204(a). See *Eden Toys, Inc. v. Florelee Undergarment Co*., 697 F.2d 27, 32 (2d Cir. 1982) (exclusive rights must be transferred in writing to confer standing).

Moreover, the absence of any registration in Plaintiff's name precludes the presumption of validity afforded by 17 U.S.C. § 410(c). Without a valid registration and clear chain of title, Plaintiff cannot establish ownership or standing to sue. See *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1170–71 (9th Cir. 2013) (litigation vehicle with no actual ownership or exclusive rights lacks standing).

Plaintiff's misrepresentation of ownership and registration is a deliberate attempt to mislead the Court, and contradicting statements regarding copyright registration and ownership are not harmless or forgivable errors; rather, they are calculated misrepresentations intended to confer standing where none exists.

**5. Failure to State a Plausible Claim**

The Complaint fails to allege facts sufficient to state a plausible claim for copyright infringement, as required by Federal Rule of Civil Procedure 8(a) and the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; it must allege enough facts to "nudge [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Mere conclusory statements or legal conclusions masquerading as factual allegations are insufficient. *Iqbal*, 556 U.S. at 678.

The Complaint is internally inconsistent and conclusory regarding ownership of the asserted copyright. It admits that "Prepared Food Photos" is "the owner of the work and remained the owner at all times material hereto," while simultaneously asserting, without any factual support, that Plaintiff was conveyed "certain exclusive rights in the Work." No written agreement is attached or described with the specificity required to establish a transfer of exclusive rights under

17 U.S.C. § 204(a). The absence of such factual detail is fatal, as courts require a plaintiff to plead and, ultimately, prove the chain of title to any exclusive right forming the basis of a copyright claim. See *Minden Pictures, Inc. v. John Wiley & Sons, Inc*., 795 F.3d 997, 1002 (9th Cir. 2015); *Eden Toys, Inc. v. Florelee Undergarment Co*., 697 F.2d 27, 32 (2d Cir. 1982).

The Complaint also fails to allege facts that plausibly link Defendant to any infringing act. The allegations are conclusory regarding ownership and the nature of Defendant's conduct. Plaintiff does not allege with specificity that Defendant engaged in any volitional act of infringement, nor does it provide factual support for the assertion that Defendant created, authored, published, or distributed the allegedly infringing content. Instead, the Complaint merely identifies a URL hosted on Defendant's domain, without connecting Defendant to any affirmative act of infringement.

A complaint that fails to allege a plausible causal link between the Defendant's conduct and the alleged infringement cannot survive a motion to dismiss under Rule 12(b)(6). *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004). This means that even assuming, *arguendo*, that Plaintiff possesses a valid copyright and that its claim is not time-barred, the Complaint must still be dismissed because it fails to plausibly allege that Defendant engaged in any infringing act. The only factual allegation connecting Defendant to the alleged infringement is the identification of a URL hosted on Defendant's domain (https://milled.com) where the Work purportedly appeared. However, the Complaint does not allege that Defendant created, authored, published, or distributed the content at issue. There are no factual assertions that Defendant exercised any control over the selection, display, or dissemination of the Work.

As previously stated, milled.com operates as a passive aggregator of third-party email newsletters. Defendant does not curate, edit, or otherwise exercise any volitional control over the

material that appears on its platform. The absence of any allegation that Defendant took affirmative steps to cause the alleged infringement is fatal to Plaintiff's claim.

Courts have consistently held that to state a claim for direct copyright infringement, a plaintiff must allege that the defendant engaged in a volitional act that caused the alleged infringement; mere passive storage or transmission of content supplied by third parties does not give rise to liability. In *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004), the Fourth Circuit held that a website operator who passively stored user-submitted content was not liable for direct infringement absent evidence of volitional conduct. Similarly, in *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361 (N.D. Cal. 1995), the court found that an online service provider could not be held liable for direct infringement where it merely provided the means for users to upload content, without any active involvement in the infringing act.

The principle articulated in these cases is clear: direct infringement requires more than the mere operation of a platform on which infringing content may appear. There must be a plausible allegation that the defendant took some affirmative action to cause the infringement. Here, Plaintiff's Complaint is devoid of any such allegation. The mere fact that the Work allegedly appeared on a URL associated with Defendant's domain is insufficient to establish liability, particularly where Defendant's role is limited to passive aggregation.

Plaintiff's failure to allege any actual conduct by Defendant is a hallmark of frivolous litigation. Their inability to allege any volitional act by Defendant, despite multiple opportunities to amend, demonstrates that this action is not grounded in fact, but in a strategy of harassment and abusive litigation tactics. Absent a plausible link between the alleged infringement and any volitional act by Defendant, the claim fails as a matter of law and must be dismissed under Rule 12(b)(6).

### V. With Prejudice Dismissal is Warranted

Defendant would be unduly prejudiced by permitting further amendment. This action has already been marked by significant procedural missteps and delays attributable solely to Plaintiff. Plaintiff initially filed suit in the wrong state (California), and against the wrong Defendant, despite being in contact with the current Defendant's attorney regarding this matter since July of 2023 and knowing that the actual Defendant's place of business was in New York. Then, *a month* after the case was transferred to the Northern District of New York, Plaintiff filed a motion to amend the complaint despite knowing full well that the NDNY was not the proper venue (Dkt. 14). Plaintiff subsequently filed an amended complaint, had summonses issued, and served the Defendant *again* in the wrong district (NDNY). Ten days after filing their amended complaint and serving the Defendant (thus putting the Defendant on the clock to answer the Complaint), the Plaintiff filed a motion to transfer the case to the Southern District of New York (SDNY).

Plaintiff will likely argue that it was the District Court in California that transferred the case to NDNY despite their request that the case be transferred to the SDNY. Be that as it may, that fact fails to justify the Plaintiff's willful delay in having this case brought to the proper venue. Rather than immediately correct the issue by filing a motion to transfer the case to the SDNY, Plaintiff waited a month, filed a motion to amend the complaint, then filed the amended complaint and served the Defendant; all prior to submitting a motion to transfer venue to the SDNY, which they knew all along was the proper forum.

Allowing the Plaintiff to submit a second amended complaint at this stage would unfairly burden the Defendant, who has already expended considerable time and resources addressing Plaintiff's repeated jurisdictional errors.

Plaintiff's repeated failure to file in the correct forum, despite being in contact with Defendant's counsel for over two years, demonstrates a lack of diligence and a pattern of gamesmanship that should not be rewarded. The Court should not permit Plaintiff to use the amendment process as a means to indefinitely perpetuate litigation in order to cure fundamental defects that have been apparent from the outset. Dismissal with prejudice is the only appropriate remedy to deter future abuse.

## VI. Conclusion

For the foregoing reasons—including lack of standing, expiration of the statute of limitations, failure to join necessary parties, deficiencies in ownership and registration, lack of jurisdiction, and failure to state a plausible claim, Defendant respectfully requests that the Court dismiss the First Amended Complaint with prejudice and refuse to allow yet another amended complaint. Plaintiff's conduct throughout this litigation has been marked by bad faith, procedural abuse, and a disregard for the integrity of the judicial process. Defendant further requests such other and further relief as the Court deems just and proper, including an award of costs and attorneys' fees.

Dated: August 29, 2025

Respectfully submitted,

*Natalie Sulimani*

Natalie Sulimani, Esq.
*Attorney for Defendant*
150 Broadway, Suite 1703,
New York, NY 10038
(212) 863-9614
natalie@sulimanilawfirm.com

# Exhibit A

M25000000441

100440220431

12/11/24--01012--005 **130.00

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP ☐ WAIT ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _______ Certificates of Status _______

Special Instructions to Filing Officer:

Office Use Only

2024 DEC 11 PM 2:41

JAN 09 2025

T. LEMIEUX

**COVER LETTER**

**TO:** **Registration Section**
**Division of Corporations**

**SUBJECT:** Rockefeller Photos, LLC
Name of Limited Liability Company

The enclosed "Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida," Certificate of Existence, and check are submitted to register the above referenced foreign limited liability company to transact business in Florida.

Please return all correspondence concerning this matter to the following:

Douglas Fleurant
Name of Person

Prepared Food Photos, Inc
Firm/Company

73 Old Nasonville Road
Address

Harrisville RI 02830
City/State and Zip Code

doug@preparedfoodphotos.com
E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

Douglas Fleurant at ( 617 ) 529-7234
Name of Contact Person — Area Code — Daytime Telephone Number

**Mailing Address:**
Registration Section
Division of Corporations
P.O. Box 6327
Tallahassee, FL 32314

**Street Address:**
Registration Section
Division of Corporations
The Centre of Tallahassee
2415 N. Monroe Street, Suite 810
Tallahassee, FL 32303

Enclosed is a check for the following amount:
Please make check payable to: **FLORIDA DEPARTMENT OF STATE**

- ☐ $125.00 Filing Fee
- ☒ $130.00 Filing Fee & Certificate of Status
- ☐ $155.00 Filing Fee & Certified Copy
- ☐ $160.00 Filing Fee, Certificate of Status & Certified Copy

**APPLICATION BY FOREIGN LIMITED LIABILITY COMPANY FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA**

*IN COMPLIANCE WITH SECTION 605.0902, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN LIMITED LIABILITY COMPANY TO TRANSACT BUSINESS IN THE STATE OF FLORIDA:*

1. Rockefeller Photos, LLC
(Name of Foreign Limited Liability Company, must include "Limited Liability Company," "L.L.C." or "LLC")

(If name unavailable, enter alternate name adopted for the purpose of transacting business in Florida. The alternate name must include "Limited Liability Company," "L.L.C." or "LLC")

2. Delaware
(Jurisdiction under the law of which foreign limited liability company is organized)

3. ______
(FEI number, if applicable)

4. December 13, 2024
(Date first transacted business in Florida, if prior to registration)
(See sections 605.0904 & 605.0905, F.S. to determine penalty liability)

5. 848 Brickell Avenue PH5-GB1
(Street Address of Principal Office)
Miami FL 3331

6. 848 Brickell Avenue PH5-GB1
(Mailing Address)
Miami FL 33131

2024 DEC 11 PM 2:41

7. Name and street address of Florida registered agent: (P.O. Box NOT acceptable)

Name: CopyCat Legal PLLC

Office Address: 3111 N University Dr Ste301

Coral Springs, Florida 33065
(City) (Zip code)

**Registered agent's acceptance:**
***Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this application, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.***

[signature]
(Registered agent's signature)

8. For initial indexing purposes, list names, title or capacity and addresses of the primary members/managers or persons authorized to manage [up to six (6) total]:

| Title or Capacity: | Name and Address: | Title or Capacity: | Name and Address: |
|---|---|---|---|
| ☐Manager | Name: Patrick J Crowley, CPA | ☐Manager | Name: |
| ☐Member | Address: Suite 604 | ☐Member | Address: |
| ■Authorized | 255 Park Ave | ☐Authorized | |
| Person | Worcester MA 01609 | Person | |
| ☐Other | ☐Other | ☐Other | ☐Other |
| ☐Manager | Name: | ☐Manager | Name: |
| ☐Member | Address: | ☐Member | Address: |
| ☐Authorized | | ☐Authorized | |
| Person | | Person | |
| ☐Other | ☐Other | ☐Other | ☐Other |
| ☐Manager | Name: | ☐Manager | Name: |
| ☐Member | Address: | ☐Member | Address: |
| ☐Authorized | | ☐Authorized | |
| Person | | Person | |
| ☐Other | ☐Other | ☐Other | ☐Other |

Important Notice: Use an attachment to report more than six (6). The attachment will be imaged for reporting purposes only. Non-indexed individuals may be added to the index when filing your Florida Department of State Annual Report form.

9. Attached is a certificate of existence, no more than 90 days old, duly authenticated by the official having custody of records in the jurisdiction under the law of which it is organized. (If the certificate is in a foreign language, a translation of the certificate under oath of the translator must be submitted)

10. This document is executed in accordance with section 605.0203 (1) (b), Florida Statutes. I am aware that any false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.

[signature]

Signature of an authorized person

Patrick J Crowley

Typed or printed name of signee

# Delaware

Page 1

The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "ROCKEFELLER PHOTOS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE NINTH DAY OF DECEMBER, A.D. 2024.*

*AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "ROCKEFELLER PHOTOS, LLC" WAS FORMED ON THE SECOND DAY OF DECEMBER, A.D. 2024.*

*AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN ASSESSED TO DATE.*

Jeffrey W. Bullock, Secretary of State

10022524 8300

SR# 20244430965

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 205072461

Date: 12-09-24

# Exhibit B

An official website of the United States government. Here's how you know. Log in to PACER Systems

PACER Case Locator

Party Search Results

**Search Criteria:** Party Search; Last Name: [Rockefeller Photos]
**Result Count:** 41 (1 page)
**Current Page:** 1

| Party Name | Case Number | Case Title |
|---|---|---|
| Rockefeller Photos L L C (pla) | 6:2025cv00953 | Rockefeller Photos L L C v. Petroleum Club of Morgan City In |
| Rockefeller Photos LLC (pla) | 3:2025cv00231 | Rockefeller Photos LLC v. La Bod Meat LLC |
| Rockefeller Photos LLC (pla) | 3:2025cv00636 | Rockefeller Photos LLC v. Goldfe Foods Group LLC |
| Rockefeller Photos, LLC (pla) | 2:2025cv04092 | Rockefeller Photos, LLC v. Koshe LLC |
| Rockefeller Photos, LLC (pla) | 8:2025cv01486 | Rockefeller Photos, LLC v. SAK Foods Corporation |
| Rockefeller Photos, LLC (pla) | 2:2025cv06753 | Rockefeller Photos, LLC v. Chicag Liquor, Inc. |
| Rockefeller Photos, LLC (pla) | 2:2025cv00105 | Rockefeller Photos, LLC v. Full St LLC |
| Rockefeller Photos, LLC (pla) | 1:2025cv00868 | Rockefeller Photos, LLC v. Best D Food Company, Inc. |
| Rockefeller Photos, LLC (pla) | 4:2025cv04311 | Rockefeller Photos, LLC v. MGS Corporation |
| Rockefeller Photos, LLC (pla) | 3:2025cv01156 | Rockefeller Photos, LLC v. Banya Productions, LLC |
| Rockefeller Photos, LLC (pla) | 1:2025cv20695 | Rockefeller Photos, LLC v. Remke Markets Incorporated |
| Rockefeller Photos, LLC (pla) | 0:2025cv60285 | Rockefeller Photos, LLC v. P.D.K.N Holdings, LLC |
| Rockefeller Photos, LLC (pla) | 0:2025cv60485 | Rockefeller Photos, LLC v. J R 68 A Miramar Inc. |
| Rockefeller Photos, LLC (pla) | 1:2025cv22520 | Rockefeller Photos, LLC v. Cobor Incorporated |
| Rockefeller Photos, LLC (cd) | 1:2025cv20695 | Rockefeller Photos, LLC v. Remke Markets Incorporated |

| | | |
|---|---|---|
| Rockefeller Photos, LLC (pla) | 1:2025cv01192 | Rockefeller Photos, LLC v. A La Carte Menu Services, Inc. |
| Rockefeller Photos, LLC (pla) | 1:2025cv03918 | Rockefeller Photos, LLC v. Ikes Tropical Food Market, Inc. |
| Rockefeller Photos, LLC (pla) | 1:2025cv04794 | Rockefeller Photos, LLC v. Julie's Elmwood Park LLC d/b/a The Spc Nook |
| Rockefeller Photos, LLC (pla) | 1:2025cv07196 | Rockefeller Photos, LLC v. Gordo Pizzaria & Grill Inc. |
| Rockefeller Photos, LLC (pla) | 1:2025cv07825 | Rockefeller Photos, LLC v. Cuomc Catering Company, Ltd. |
| Rockefeller Photos, LLC (pla) | 1:2025cv08045 | Rockefeller Photos, LLC v. Nation Law Forum, LLC d/b/a National La Review |
| ROCKEFELLER PHOTOS, LLC (pla) | 1:2025cv01310 | ROCKEFELLER PHOTOS, LLC v. LIGHTHOUSE CUSTOM MEATS LLC |
| Rockefeller Photos, LLC (pla) | 3:2025cv00504 | Rockefeller Photos, LLC v. Tramo Enterprises, L.L.C. |
| Rockefeller Photos, LLC (pla) | 1:2025cv00800 | Rockefeller Photos, LLC v. Kenwc Golf & Country Club |
| Rockefeller Photos, LLC (pla) | 8:2025cv02047 | Rockefeller Photos, LLC v. Shalon Strictly Kosher Meats, Incorporated |
| Rockefeller Photos, LLC (pla) | 5:2025cv00278 | Rockefeller Photos, LLC v. Mancir Pizzeria LLC |
| ROCKEFELLER PHOTOS, LLC (pla) | 2:2025cv00188 | ROCKEFELLER PHOTOS, LLC v. SUSSEX MEAT PACKING INC. |
| ROCKEFELLER PHOTOS, LLC (pla) | 3:2025cv06116 | ROCKEFELLER PHOTOS, LLC v. COMMUNITY NEWS SERVICE, L.L.C. |
| Rockefeller Photos, LLC (pla) | 1:2025cv00426 | Rockefeller Photos, LLC v. The Grande at Angel Fire, L.L.C. et al |
| Rockefeller Photos, LLC (pla) | 2:2025cv00106 | Rockefeller Photos, LLC v. Vegas Treasures, Inc dba Spice Bazaar |
| Rockefeller Photos, LLC (pla) | 2:2025cv02086 | Rockefeller Photos, LLC v. 290 De Zone, Inc. |
| Rockefeller Photos, LLC (pla) | 7:2025cv00814 | Rockefeller Photos, LLC v. Hudso Valley Foods LLC |
| Rockefeller Photos, LLC (pla) | 1:2025cv00411 | Rockefeller Photos, LLC v. Hastin Hospitality, Inc. |
| Rockefeller Photos, LLC (pla) | 3:2025cv00679 | Rockefeller Photos, LLC v. Walnu |

An official website of the United States government. Here's how you know. Log in to PACER Systems

PACER Case Locator

Party Search Results

**Search Criteria:** Party Search; Last Name: [Prepared Food Photos]
**Result Count:** 251 (5 pages)
**Current Page:** 1

| Party Name | Case Number | Case Title |
|---|---|---|
| Prepared Food Photos (pla) | 4:2022cv03066 | Prepared Food Photos, Inc. v. Leo Food Mart Inc. |
| Prepared Food Photos (dft) | 1:2023cv00111 | Gregory v. Prepared Food Photos |
| PREPARED FOOD PHOTOS INC (pla) | 4:2021cv00467 | PREPARED FOOD PHOTOS INC v OG SUBS LLC et al |
| PREPARED FOOD PHOTOS INC (pla) | 1:2023cv00030 | PREPARED FOOD PHOTOS INC v GUMBYS PIZZA FRANCHISE LLC |
| Prepared Food Photos Inc (pla) | 9:2021cv81876 | Prepared Food Photos, Inc. v. Bag Barista Corp. et al |
| Prepared Food Photos Inc (pla) | 3:2022cv00037 | Prepared Food Photos Inc v. Epic Solutions L L C et al |
| Prepared Food Photos Inc (pla) | 6:2024cv00351 | Prepared Food Photos Inc v. Clyd Chicken King Inc |
| Prepared Food Photos Inc (pla) | 6:2024cv00017 | Prepared Food Photos Inc v. A C c Lafayette L L C |
| Prepared Food Photos Inc (pla) | 2:2023cv00160 | Prepared Food Photos Inc v. Pool World Inc |
| Prepared Food Photos Inc (pla) | 1:2022cv00341 | Prepared Food Photos Inc v. T&C Markets Inc |
| Prepared Food Photos Inc (pla) | 2:2022cv00642 | Prepared Food Photos Inc v. Jabe al |
| Prepared Food Photos Inc (pla) | 2:2022cv00652 | Prepared Food Photos Inc v. Hometown Publications II Inc |
| Prepared Food Photos Inc (pla) | 1:2022cv00898 | Prepared Food Photos Inc v. Marchant's Foods Inc |
| Prepared Food Photos Inc (pla) | 2:2022cv01141 | Prepared Food Photos Inc v. Curri Sons LLC |
| Prepared Food Photos Inc (pla) | 1:2023cv01203 | Prepared Food Photos, Inc. v. J W Ventures LLC |

| | | |
|---|---|---|
| Prepared Food Photos Inc. (pla) | 3:2023cv00258 | Prepared Food Photos Inc. v. Miss Thelma's Restaurant LLC |
| Prepared Food Photos Inc. (pla) | 3:2023cv00647 | Prepared Food Photos Inc. v. Win Madness Inc. |
| Prepared Food Photos Inc. (pla) | 3:2023cv00778 | Prepared Food Photos, Inc. v. KKJ Enterprises LLC |
| Prepared Food Photos Inc. (pla) | 3:2023cv01120 | Prepared Food Photos, Inc. v. Clar Events, Inc. |
| Prepared Food Photos Inc. (pla) | 3:2023cv30020 | Prepared Food Photos Inc. v. Elm Pizza, Inc. |
| Prepared Food Photos Inc. (pla) | 2:2024cv13313 | Prepared Food Photos, Inc. v. Busch's, Inc. |
| Prepared Food Photos, Inc (pla) | 9:2021cv82129 | Prepared Food Photos, Inc v. Patr Fine Foods LLC |
| Prepared Food Photos, Inc (pla) | 0:2024cv61844 | Prepared Food Photos, Inc. v. The Ranchers Daughter Montana, LLC |
| Prepared Food Photos, Inc (pla) | 2:2023cv07155 | Prepared Food Photos, Inc., et al. Annadele, Inc. |
| Prepared Food Photos, Inc (pla) | 8:2022cv01872 | Prepared Food Photos, Inc v. The Good Earth Natural Foods Company |
| Prepared Food Photos, Inc (pla) | 4:2022cv00311 | Prepared Food Photos, Inc v. Diffl et al |
| Prepared Food Photos, Inc (pla) | 2:2023cv01478 | Prepared Food Photos, Inc vs Veg VIP, LLC |
| Prepared Food Photos, Inc (pla) | 1:2022cv07123 | Prepared Food Photos, Inc v. Cratejoy Inc. et al |
| Prepared Food Photos, Inc (pla) | 1:2023cv01538 | Prepared Food Photos, Inc. v. The Dugout N.Y. LLC |
| Prepared Food Photos, Inc. | 0:2024cv00934 | Prepared Food Photos, Inc. v. Parl Place Restaurant, LLC |
| Prepared Food Photos, Inc. (pla) | 5:2024cv05219 | Prepared Food Photos, Inc. v. Mor Health Corner, P.A. |
| Prepared Food Photos, Inc. (pla) | 2:2022cv00971 | Renee Comet et al v. Valusoft Finance LLC et al |
| Prepared Food Photos, Inc. (pla) | 2:2023cv01831 | Prepared Food Photos, Inc. v. L & Meats, LLC |
| Prepared Food Photos, Inc. (pla) | 2:2022cv07158 | Prepared Food Photos, Inc. v. Lek Inc. |
| Prepared Food Photos, Inc. (pla) | 2:2022cv08040 | Prepared Food Photos, Inc. v. Citygrid Media, LLC |
| Prepared Food Photos, Inc. (pla) | 2:2022cv08042 | Prepared Food Photos, Inc. v. |

| | | |
|---|---|---|
| | | CityGrid Media, LLC |
| Prepared Food Photos, Inc. (pla) | 2:2022cv08761 | Prepared Food Photos, Inc. v. Port Town Foods, LLC |
| Prepared Food Photos, Inc. (pla) | 2:2022cv09292 | Prepared Food Photos, Inc. v. General Seafood Distibutor, Inc. |
| Prepared Food Photos, Inc. (pla) | 2:2023cv02201 | Prepared Food Photos, Inc. v. Harvest Gathering Farm, LLC |
| Prepared Food Photos, Inc. (pla) | 2:2023cv00459 | Prepared Food Photos, Inc. v. KM Market and Grill, Inc. |
| Prepared Food Photos, Inc. (pla) | 1:2023cv00302 | Prepared Food Photos, Inc. v. Pap Fresh Mediterranean Market Inc. |
| Prepared Food Photos, Inc. (pla) | 4:2022cv07754 | Prepared Food Photos, Inc. v. Focaccia Reserve, Inc. |
| Prepared Food Photos, Inc. (pla) | 1:2023cv00931 | Prepared Food Photos, Inc. v. AM Inc. |
| Prepared Food Photos, Inc. (pla) | 1:2022cv01047 | Prepared Food Photos, Inc. v. DJ Grille & Tap Concepts, Inc. |
| Prepared Food Photos, Inc. (pla) | 1:2022cv01434 | Prepared Food Photos, Inc., v. Bia LLC |
| Prepared Food Photos, Inc. (pla) | 1:2022cv02540 | Prepared Food Photos, Inc. v. Lasater Grasslands Beef, LLC |
| Prepared Food Photos, Inc. (pla) | 1:2022cv03297 | Prepared Food Photos, Inc. v. Chicago-Market-Distributors, Inc. |
| Prepared Food Photos, Inc. (pla) | 1:2022cv03299 | Prepared Food Photos, Inc. v. Chicago-Market-Distributors, Inc. |
| Prepared Food Photos, Inc. (pla) | 8:2024cv02769 | Prepared Food Photos, Inc. v. Lord Bradley's Tavern, LLC |
| Prepared Food Photos, Inc. (pla) | 6:2024cv02220 | Prepared Food Photos, Inc. v. Andelora Industries, LLC |
| Prepared Food Photos, Inc. (pla) | 8:2023cv00553 | Prepared Food Photos, Inc. v. Farm Jack Produce, Inc. |
| Prepared Food Photos, Inc. (pla) | 6:2023cv00453 | Prepared Food Photos, Inc. v. AgewellSolutions, LLC |
| Prepared Food Photos, Inc. (pla) | 6:2021cv01558 | Prepared Food Photos, Inc. v. Casselberry Meat and Produce In et al |
| Prepared Food Photos, Inc. (pla) | 6:2021cv01573 | Prepared Food Photos, Inc. v. Pizz Buffet, Inc. et al |

| PACER Service Center | 07/26/2025 14:23:28 |
|---|---|