IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-06764-JAV

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

FULL STACK LLC d/b/a MILLED.COM,

    Defendant.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Rockefeller Photos, LLC ("Plaintiff") hereby files this memorandum in opposition to defendant Full Stack LLC d/b/a Milled.com's ("Defendant") Motion to Dismiss Plaintiff's Complaint for lack of standing, statute of limitations and failure to join necessary parties (the "Motion") [D.E. 29], and alleges as follows:

## INTRODUCTION

Defendant commences its Motion with complaints about preliminary procedural matters (including jurisdiction and venue). The issues have been remedied and have nothing to do with the matter at bar – Defendant committed copyright infringement.

Defendant takes a relatively straightforward matter and attempts to complicate it by throwing the kitchen sink at the Court to see if any of its claims for dismissal will stick. Taking the facts of the Complaint as true – the issues raised in the Motion cannot prevail. The Court should deny the Motion.

## BACKGROUND

1. On January 10, 2025, Plaintiff filed its original Complaint in this action [D.E. 1]. The original Complaint asserts a claim for copyright infringement against defendant Full Stack

LLC ("Defendant"), a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 1401 21st St. Ste. R, Sacramento, CA 95811.

2. Andre Lei, Defendant's owner, contacted Plaintiff to inform it that Full Stack LLC (as named in the Complaint) is not the correct defendant. Defendant's owner provided corporate documents supporting his representation.

3. Upon further research, and under information and belief, Plaintiff believes the correct entity that should be party to the lawsuit is Full Stack LLC, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York.

4. Due to the entities sharing the same name, Plaintiff inadvertently named the incorrect party as defendant.

5. In Plaintiff's Motion to Transfer and File its First Amended Complaint, it specifically asked for the matter to be transferred to the United States District Court for the Southern District of New York. Defendant is *well aware* of this. The Eastern District of California court transferred the case to the United States District Court for the Northern District of New York (presumably because in Plaintiff's draft of the First Amended Complaint Defendant's registered agent was identified as being located in Albany). Defendant's counsel raised issue with the venue that the Eastern District of California court chose. Plaintiff sought to remedy this and requested a venue transfer *on behalf of Defendant*.

6. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering its customers access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand

association/recognition through the use of media tailored to their needs.[1]

7. Prepared Food Photos, Inc. ("Prepared Food Photos") is one of the customers/ photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.[2]

8. This lawsuit concerns a photograph of raw pork sausage,[3] for which Plaintiff's above named customer is the owner of the Work and has remained the owner at all times material hereto.[4]

9. The Work was registered by the above-named customer with the Register of Copyrights on January 20, 2017 and was assigned Registration No. VA 2-027-172.[5]

10. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).[6]

11. Defendant owns and operates an online search engine for e-commerce newsletters

---

[1] See Complaint, at ¶ 6.
[2] Id., at ¶ 7.
[3] Id., at ¶ 8.
[4] Id., at ¶ 10.
[5] Id., at ¶ 9.
[6] Id., at ¶ 11.

and email sales that, in January 2019 (after the above-referenced copyright registration of the Work), published the subject photograph on its website.[7]

12.     Defendant is not and has never been authorized to use/display the subject photograph.[8]

13.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the subject photograph in January 2023.[9]

## ARGUMENT

### I.    Legal Standard

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### II.   Judicial Notice of Defendant's Exhibits Should not be Considered

Beyond the complaint, the Court can consider "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any

---

[7] Id., at ¶¶ 13, 14.
[8] Id., at ¶ 16.
[9] Id., at ¶ 19.

document upon which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013). "The Court may also consider any items of which judicial notice may be taken." Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC, 23 F. Supp. 3d 344, 352 (S.D.N.Y. 2014). Where a document "may be public records of which a court may take judicial notice, 'it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion.'" Glob. Network Communs., Inc. v. City of N.Y., 458 F.3d 150 (2d Cir. 2006) (quoting Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

Defendant asks this Court to take judicial notice of Plaintiff's business records and its customer's litigation history. Both are not proper. The documents/information Defendant seeks to include do not fall under any of the pertinent categories of what a court would take under judicial notice on a motion to dismiss. The documents/information were not attached to the complaint as an exhibit, were not incorporated by reference, and are not relied upon by the complaint. Defendant seeks to introduce the documents/information to prove its own point – that Plaintiff does not have standing and should have discovered the infringements earlier. Where the documents/information are not integral to the Complaint and are being proffered for the truth of the matter asserted, the Court should decline to consider such information.

### III.   The Motion Should be Denied

#### A.  *The Complaint Adequately Alleges Plaintiff has Standing*

In order to have statutory standing to bring a federal copyright infringement claim, a plaintiff must be the legal or beneficial owner of the copyright. See John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 399 (2d Cir. 2018) ("In relevant part, HN1 the Act provides that '[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right while he or she is the owner of it.' 17 U.S.C. §

501(b)."); see also John Wiley & Sons, Inc. v. DRK Photo, 998 F. Supp. 2d 262, 266–267 (S.D.N.Y. 2014) ("As it must, the Second Circuit enforces Section 501(b) by holding that '[t]he Copyright Act authorizes only two types of claimants to sue for copyright infringement: [i] owners of copyrights, and [ii] persons who have been granted exclusive licenses by owners of copyrights.' Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 32 (2d Cir. 1982), superseded on other grounds by Fed. R. Civ. P. 52(a). … Owners may grant a license to others to exercise Section 106 rights or assign those rights to others.").

"'To bring an infringement action, a plaintiff must be the owner of a copyright, its assignee, or an exclusive licensee.'" Broad. Music, Inc. v. CBS, Inc. 1983 U.S. Dist. LEXIS 15262, 1983 U.S. Dist. LEXIS 15262, at *15 (S.D.N.Y. July 22, 1983) (quoting Bertolino v. Italian Line, 414 F. Supp. 279, 284 (S.D.N.Y. 1976)); see also 17 U.S.C. § 101 ("'Copyright owner,' with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right.").

Here, Defendant argues that the First Amended Complaint is insufficient to confer standing because Plaintiff cannot have the requisite exclusive right to reproduce, distribute or display the Work, so Plaintiff cannot have standing.[10] Fundamentally, Defendant's argument is that the allegations in the First Amended Complaint are not enough to confer standing, ***not*** that Plaintiff did not introduce any evidence to support such a claim. Defendant misunderstands the applicable law.

"It is well settled that in ruling on such a motion, a district court may consider 'the facts as asserted within the four corners of the complaint' together with 'the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" Peter F.

---

10   See Motion, at p. 7.

Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)). Within the four corners of its Complaint, Plaintiff has established that Plaintiff's customer has conferred certain exclusive rights in the Work. Plaintiff' is a beneficial owner of the copyright, such that it has the right and ability to maintain this lawsuit.

Plaintiff's allegations, taken as true, firmly establish that Plaintiff has standing to pursue this action. If the agreements grant Plaintiff an exclusive license, in addition to the right to sue, they are sufficient to confer legal ownership for the purposes of Section 501(b). See Joe Hand Promotions, Inc. v. Dilone, 2020 U.S. Dist. LEXIS 33927, *6 ("Because the Agreement grants plaintiff an exclusive license in distribution and public performance rights, in addition to the right to sue, it is sufficient to confer legal ownership for the purposes of section 501(b)."). Additionally, so long as those interests and rights to pursue past infringements were conveyed, Plaintiff has standing to sue for past infringements. See Joe Hand Promotions, Inc. v. Dilone, No. 19 CV 871 (NGG)(RML), 2020 U.S. Dist. LEXIS 33927, at *6 n.2 (E.D.N.Y. Feb. 26, 2020) ("The Second Circuit has held that, while an assignee of the bare right to sue is not such an owner, 'an exclusive licensee is a 'legal owner' of an exclusive right for purposes of a copyright infringement action under section 501(b)[.]'" (John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 398-99, 410 (2d Cir. 2018), cert. denied, 139 S. Ct. 237, 202 L. Ed. 2d 129 (2018)); see also Getty Images (US) Inc. v. Advernet, Inc., 797 F. Supp. 2d 399, 412 (S.D.N.Y. 2011) ("The Second Circuit has recognized that an owner of an exclusive right is entitled to institute an action for infringement of that right committed prior to a grant of copyright from the grantor, provided that the document granting the particular right states explicitly that it includes the causes of action with respect to that right, accrued prior to the grant."). Here, Plaintiff has alleged that the written agreements

convey the exclusive right to pursue any infringement, whether they arose prior to the execution of the agreement or thereafter.

These allegations are certainly sufficient to demonstrate Plaintiff's beneficial ownership interest, especially when viewing the allegations under the Rule 12(b)(6) standard. In fact, multiple courts have found that arguments similar to Defendant's are without merit. In August Image, LLC v. Melt Cosmetics, the defendant "argues in the main that Plaintiff fails to adequately allege its standing to bring its claims under the Copyright Act." August Image, LLC v. Cosmetics, No. 2:24-cv-02086 HDV (DFMx), 2024 U.S. Dist. LEXIS 148814, at *4 (C.D. Cal. Aug. 20, 2024) (internal citations omitted). There, the defendant argued that the plaintiff's "allegations are insufficient because it 'failed to identify when the purported agreements were entered into, the terms of the referenced agreements or even that the agreements are still valid.'" Id., at *4 (internal citation omitted). The court noted that the defendant did "not question the plausibility of the plaintiff's allegations, but rather 'cavils' that Plaintiff 'does nothing more than to ask the Court to 'take its word for it.'" Id. (internal citation omitted). The court held that none of the defendant's "arguments has any merit." Id. In so holding, the court noted, "[h]ere, Plaintiff alleges that through written agreement with the creators and owners of the Asserted Works, it was conveyed the exclusive rights to reproduce them and to sue for related infringements. [] This allegation, accepted as true, is sufficient to establish that Plaintiff is the legal owner of such rights." Id., at *5 (internal citation omitted). The court continued:

> Plaintiff is ***not*** required to allege in detail all the specific terms of the assignment of intellectual property, or to somehow "prove" at this pleading stage that the underlying agreements exist. Under Fed. R. Civ. P. 8(a), a complaint must provide a "short and plain statement of the claim" to put the defendant on fair notice of the claims against it. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The [First Amended Complaint] certainly does so.[3]

Id., at *5-6. The Court further clarifies at footnote 3, included above:

> Defendant misreads Iqbal. While the Court is not required to accept implausible inferences or unwarranted legal conclusions, it *is* normally required to accept well-pled factual allegations. Iqbal, 556 U.S. at 663 ("[A] court must accept a complaint's allegations as true . . . ."). There is absolutely no legal basis for this Court to question the existence of the assignment agreements pled in the [First Amended Complaint].

Id., at *6, FN 3. See also August Image, LLC v. Line Fin., PBC, No. 2:23-cv-05492 MWC (ASx), 2024 U.S. Dist. LEXIS 235349, at *18 (C.D. Cal. Dec. 17, 2024) (finding standing exists based on similar photographer agreements as at issue herein); see also August Image, LLC v. Allwrite Communications, Inc., d/b/a Hers Magazine, 1:23-cv-00910-SEG, D.E. 28, p. 8-9, FN 3 (N.D. Ga. 2024) (granting summary judgment and stating: "In any event, the Court is satisfied that August Image's undisputed testimony—that it has been assigned the exclusive copyright interests in the photographs—establishes standing."  ); Smith v. Casey, 741 F.3d 1236, 1243 (11th Cir. 2014) ("For standing purposes . . . the plaintiff in court obviously need not be the same party who initially registered the subject work.") (cleaned up); Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997, 1003 (9th Cir. 2015) ("It is established law under the [Copyright Act of 1976] that any party to whom such a right has been transferred—whether via an assignment or an exclusive license—has standing to bring an infringement action based on that right.")").

Plaintiff's allegations here are no less than the language of the agreements at issue in the above cases and Defendant, similar to the defendant above, has failed to challenge the plausibility of the allegations.

### B.  *Plaintiff Commenced this Suit within the Applicable Statute of Limitations*

Defendant's argument on the statute of limitations is *patently* wrong. Defendant represents to the Court that "[t]he Second Circuit has recognized that the discovery rule may not apply where

the plaintiff is a sophisticated repeat litigant or where the facts demonstrate that the plaintiff should have discovered the alleged infringement with reasonable diligence." *Not so*. The Second Circuit explicitly held that there is no such thing as a 'sophisticated litigant' standard. <u>Michael Grecco Prods., Inc. v. RADesign, Inc.</u>, 112 F.4th 144, 148 (2d Cir. 2024) ("There is no 'sophisticated plaintiff' exception to the discovery rule, or to a defendant's burden to plead and prove a statute-of-limitations defense.").

The Motion argues that, because this lawsuit was not brought within three (3) years of the first occurrence of Defendant's infringement, Plaintiff's infringement claim is barred by the applicable statute of limitations (17 U.S.C. § 507(b)). Simply put, Defendant is wrong. This court applies the discovery rule. <u>Sohm v. Scholastic Inc.</u>, 959 F.3d 39, 49-50 (2d Cir. 2020) ("In <u>Psihoyos</u>, this Court adopted the 'discovery rule' for determining when a copyright infringement claim accrues. 748 F.3d at 124-25. Scholastic nevertheless urges this Court to adopt the 'injury rule' instead, maintaining that 'in two recent decisions following <u>Psihoyos</u>, the Supreme Court cast serious doubt on the viability of the discovery rule.' Scholastic's Br. at 34 (citing <u>SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC</u>, 137 S. Ct. 954, 197 L. Ed. 2d 292 (2017); <u>Petrella</u>, 572 U.S. 663, 134 S. Ct. 1962, 188 L. Ed. 2d 979). We disagree and decline to alter this Circuit's precedent mandating use of the discovery rule; we therefore affirm the district court's holding that the discovery rule applies for statute of limitations purposes in determining when a copyright infringement claim accrues under the Copyright Act.")

Here, the Complaint alleges: "***Through its ongoing diligent efforts*** to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized

use/display of the subject photograph in January 2023."[11] Accepting this allegation as true (as the Court must do at the motion to dismiss stage), there is no basis to dismiss the Complaint as barred by the statute of limitations. Defendant may certainly inquire into those diligent efforts in discovery and perhaps pursue a statute of limitations defense at the summary judgment stage. Accepting Plaintiff's allegations as true, however (as the Court must do), based on the record before it, the Court cannot find that Plaintiff's claim is somehow barred by the statute of limitations when Plaintiff asserts it did not and could not reasonably have discovered the infringement prior to January 2023. Defendant's statute of limitations argument fails.

### C. Plaintiff has not Failed to Join Necessary Parties

In deciding a motion to dismiss under Rule 12(b)(7), the Court must look to Rule 19 and make a two-step inquiry. See Nassau & Suffolk Cty Taxi Owners Ass'n v. New York, 336 F. Supp. 3d 50, 72 (E.D.N.Y. 2018). "First, the Court must determine if a party is 'required' to be joined in the litigation under Rule 19(a)(1)." Id. at 72–73. Second, if the absent person cannot be joined, the Court must then inquire whether, "in equity and good conscience," the litigation should be dismissed based on the factors enumerated in Rule 19(b). Id. at 73. "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000).

1. Prepared Food Photos

Defendant believes that Prepared Food Photos is a necessary party. It is not. "Over seventy years ago, the Second Circuit in Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 140 F.2d 268, 270 (2d Cir. 1944), established that one co-owner of a copyright may sue for infringement without joining the other co-owners in the action, but the co-owner's 'recovery shall

---

[11] Id., at ¶ 19 (emphasis added).

be confined to the plaintiff's own part,' meaning the plaintiff's own actual damages or his 'proper share of statutory damages.' The Court reaffirmed this holding in Davis v. Blige, 505 F.3d 90, 98, 102-03 (2d Cir. 2007)…"

The law is clear – a holder of an exclusive right can sue for copyright infringement. If the Court accepts the well-pleaded facts as true that Plaintiff owns an exclusive right,[12] then Plaintiff has standing and can file suit. A co-owner may sue for copyright infringement without jointing the other co-owner(s) in the action, which is what has occurred here. As such, complete relief can be accorded among those already party.

2. Publisher (meatprocessingproducts.com)

Defendant believes that meatprocessingproducts.com, the entity that allegedly posted the image on Defendant's website, is a necessary party. Defendant is incorrect. Defendant appears to be confused with respect to Plaintiff's allegations and the Copyright Act itself. The Complaint plainly asserts that Defendant published and or displayed the Work ***on its website, webpage, and or social media***.[13] That the Work may have been *published* by meatprocessingproducts.com is irrelevant, as Defendant has still been alleged to violate at least one of Plaintiff's exclusive rights under the Copyright Act. Thus, the relevant inquiry is whether the Complaint alleges that Defendant published and/or displayed the Work without Plaintiff's permission. It does. As such, the Complaint adequately states a claim for copyright infringement (irrespective of whether Defendant was or was not the *only* party to have committed infringement).

Again, it is well settled that in ruling on such a motion, a district court may consider 'the facts as asserted within the four corners of the complaint' together with 'the documents attached

---

[12] See Id., at ¶¶ 11, 24.
[13] Id., at ¶ 14.

to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)). Defendant argues *far* beyond the four corners of the Complaint. Accepting the allegations of the Complaint as true, there is no allegation in the Complaint that meatprocessingproducts.com is the responsible party. To the contrary, the Complaint plainly alleges that ***Defendant*** published and/or displayed the Work,[14] ***Defendant*** utilized the Work for commercial use,[15] and ***Defendant*** located a copy of the Work on the internet and copied the Work for its own use[16]

Count I of the Complaint (copyright infringement) repeatedly alleges that ***Defendant*** (not meatprocessingproducts.com or anyone else) committed copyright infringement by publishing the Work on its website. If Defendant has a good faith basis to believe that meatprocessingproducts.com (rather than itself) committed infringement, Defendant can certainly file a third-party claim for indemnification. Defendant's argument that meatprocessingproducts.com is an indispensable party, however, is wrong.

### D. Ownership and Registration

The Complaint asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized copying/display of a photograph for which Plaintiff is authorized to maintain this suit on as the beneficial owner. The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a)

---

[14] Id.

[15] Id. at ¶ 17.

[16] Id. at ¶ 18.

[17 U.S.C. § 106A(a)]... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of protectable elements." Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1320 (11th Cir. 2016).

With respect to the first element, a certificate of registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410(c). Here, the Work was not registered within five years of creation/publication. The registration certificate therefore does not constitute "prima facie" evidence of validity, but at this stage of the proceeding, it certainly is evidence enough to satisfy the first element of an infringement claim on a motion to dismiss. See, e.g., Ultra-Images, LLC v. Franclemont, No. 05-60538-CIV, 2007 U.S. Dist. LEXIS 93610, at *11-12 n.3 (S.D. Fla. Dec. 20, 2007) ("Defendants also urge this Court to find invalidity of the registration because the registration was made over five years after the Jesse Portrait was published…. Based on the record at this stage in the proceeding, the Court cannot find, as a matter of law, that the certificate of registration is invalid."); Lifetime Homes, Inc. v. Residential Dev. Corp., 510 F. Supp. 2d 794, 801 (M.D. Fla. 2007) ("Although Plaintiff did not file the copyright registration within the five year time period, Plaintiff has produced the certificate of registration for the Model A and Defendants have not pointed to any evidence indicating that Plaintiff's certificate of registration is not valid. Further, Defendants make no argument nor present any evidence to support a finding that Plaintiff does not in fact own the copyright for the Model A plans."). As succinctly explained in Southall v. Force Partners, LLC, No. 1:20-cv-03223, 2021 U.S. Dist. LEXIS 164680, at *7 (N.D. Ill. Aug. 31, 2021):

> The last sentence is crucial here: Section 410(c) confers discretion on the court on how to treat a certificate obtained five years after publication. In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not ***forbid***[17] a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright. Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 515-16 (S.D.N.Y. 2003) (holding that late registrations can be considered prima facie evidence of valid copyright); Telerate Sys., Inc. v. Caro, 689 F. Supp. 221, 227 n. 7 (S.D.N.Y. 1988) (explaining "[e]ven if the certificate were ... issued more than five years after the actual date of first publication, the court would be inclined to give the certificate the weight of prima facie evidence, as permitted under Section 410(c)."). ***In any event, the strength of the presumption is not a matter that should be resolved at the pleading stage. The parties must develop facts in discovery before the certificate's evidentiary weight can be presented to the Court for decision***.[18] The copyright-infringement claim survives.

Here, Plaintiff has identified the Work (including a screenshot thereof) and endeavored to attach the registration certificate to the Complaint (which itself is not required).[19] The Motion does not challenge the validity of the registration certificate or the "minimal" amount of creativity[20] necessary for a valid copyright registration. At this stage of the lawsuit, it cannot be said that Plaintiff has not met the first element of an infringement claim.

---

[17]   Emphasis in original.

[18]   Emphasis added.

[19]   See Joe Hand Promotions, Inc. v. Goldshtein, No. 18-60522-CIV-ALTONAGA/Seltzer, 2018 U.S. Dist. LEXIS 227002, at *14 (S.D. Fla. June 18, 2018) ("Like Plaintiff, the Court is unaware of and has been unable to find any precedent requiring a plaintiff to attach the Certificate of Copyright Registration to its Complaint.") (internal quotation marks omitted).

[20]   See Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 362 (1991) ("[T]he requisite level of creativity is ***extremely low***; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be."); see also Ashley Furniture Indus. v. Am. Signature, Inc., No. 2:11-cv-427, 2014 U.S. Dist. LEXIS 197503, at *30 (S.D. Ohio June 25, 2014) ("[A]lthough the copyrighted photographs at issue in this case depict comparatively mundane articles of furniture, they are at least as creative as the surreptitious grab shot at issue in Balsley."); Maui Jim v. Smartbuy Guru Enters., 459 F. Supp. 3d 1058, 1102 (N.D. Ill. 2020) ("[A]lthough the 93 Photographs are mundane depictions of Maui Jim's sunglasses, we find that the process of creating those photographs necessarily included decisions about lighting, camera angle and distance, shadowing, and post-production editing. Additionally, creative judgment was necessarily exercised in selecting which photographs to use on Maui Jim's advertisements.").

Additionally, Plaintiff reincorporates its arguments regarding its standing to initiate and maintain this lawsuit as explained herein.

### E.  Plaintiff has Stated a Plausible Claim

"Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 … is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Pursuant to 17 U.S.C. § 501(b), "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Section 106 of the Copyright Act lists the exclusive rights a copyright owner:

> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

The Complaint and the exhibits attached thereto firmly establish a claim for which relief can be granted.  The Complaint asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized copying/display of a photograph for which Plaintiff has standing as the beneficial owner of the Work, which was registered by its customer.  The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the exclusive rights of the copyright

owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a).  Copyright infringement has two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 398 (6th Cir. 2007) (quoting Stromback v. New Line Cinema, 384 F.3d 283, 293 (6th Cir. 2004) (citation and quotation marks omitted)).

Paragraph 8 of the Complaint plainly identifies the work at issue in this lawsuit – by image name, copyright registration number, and by providing a display copy of the image:



Paragraph 14 of the Complaint *specifically alleges* that Defendant displayed and/or published the Work on their website, webpage, and/or social media (at https://milled.com/meat-processing-products/winter-sale-meat-grinders-sausage-making-restaurant-equipment-learn-how-to-make--oyyRiQk1Y4XJ2HfF):



The naked eye can confirm that the two photographs are *identical*. The inquiry into whether the Complaint adequately alleges unauthorized copying of the subject photograph should end there.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

| | |
|---|---|
| Dated: September 19, 2025. | COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br><br>By: /s/ Daniel DeSouza<br>     Daniel DeSouza, Esq. |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

<u>/s/ Daniel DeSouza</u>
Daniel DeSouza, Esq.