UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

FULL STACK LLC d/b/a MILLED.COM,

    Defendant.

---

Case No.: 1:25-cv-06764-JAV

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS**

## I. Introduction

Defendant Full Stack LLC d/b/a Milled.com ("Defendant") respectfully submits this Reply in further support of its Motion to Dismiss the First Amended Complaint. Plaintiff's opposition fails to cure the fundamental defects in its pleading and, in fact, confirms the necessity of dismissal. Most notably, Plaintiff concedes that it is not the exclusive owner of the copyright at issue, and instead relies on vague, conclusory, self-contradicting references to alleged agreements with the true owner, Prepared Food Photos, Inc. This admission, coupled with the absence of any specific factual allegations or documentary support, is dispositive. The Complaint is further undermined by its failure to allege any volitional act of infringement by Defendant, as well as its omission of necessary and indispensable parties. For these reasons, and as set forth below, dismissal is compelled on the face of the Complaint.

1

## II. Judicial Notice of Defendant's Exhibits

Plaintiff's attempt to exclude the business records and PACER litigation history referenced in Defendant's motion is both legally baseless and transparently self-serving. The records at issue—Plaintiff's business organization filings with the State of Florida and federal court dockets evidencing Plaintiff's and Prepared Food Photos' extensive litigation history—are quintessential matters of public record, objectively and undeniably subject to judicial notice under Federal Rule of Evidence 201.

Courts in this Circuit and nationwide routinely take judicial notice of business entity records maintained by state agencies and federal court dockets. See *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (taking judicial notice of public records from government websites); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (taking judicial notice of business entity records from state websites); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice"); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice of court documents appropriate on motion to dismiss).

Plaintiff's argument that these records are not proper for judicial notice is nothing more than an effort to shield its true business structure and predatory litigation history from judicial scrutiny. The business records demonstrate that Plaintiff is a shell entity created for the sole purpose of manufacturing lawsuits, not a bona fide provider of photography or videography services. The PACER records reveal a pattern of serial copyright litigation, further undermining Plaintiff's claim to standing and its purported diligence in monitoring infringement.

Judicial notice is not discretionary where the documents are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." Fed. R. Evid. 201(b). The records submitted by Defendant meet this standard without question and "are not considered matters outside the pleadings" as "the Court may consider them when adjudicating a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023).

### III. Contradictions in Plaintiff's Ownership and Standing Allegations

Plaintiff's opposition is irreparably undermined by its own admissions and the contradictory allegations within the Complaint. Plaintiff concedes that it is not the "exclusive owner" of the copyright at issue (Dkt. 16 at ¶ 10), instead asserting that Prepared Food Photos, Inc. is the true owner and that Plaintiff merely holds *certain rights* by virtue of unspecified written agreements (Id. at ¶ 11). This is a fatal defect that cannot be cured by vague references or conclusory statements.

The Copyright Act is unequivocal in that only the legal or beneficial owner of an exclusive right under copyright may bring an infringement action. 17 U.S.C. § 501(b). The Second Circuit has repeatedly held that standing requires clear, factual allegations and documentary evidence of ownership or exclusive license. In *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982), the court stated, "exclusive rights must be transferred in writing to confer standing" and rejected attempts to manufacture standing through ambiguous or conclusory assertions. Similarly, *John Wiley & Sons, Inc. v. DRK Photo,* 998 F. Supp. 2d 262 (S.D.N.Y. 2014), aff'd, 882 F.3d 394 (2d Cir. 2018) held that a bare right to sue,

absent a transfer of exclusive rights, is insufficient to confer standing; the plaintiff must be the owner or exclusive licensee of the right allegedly infringed.

Here, Plaintiff's Complaint and opposition are internally inconsistent. On the one hand, Plaintiff admits that "Prepared Food Photos is the owner of the work and remained the owner at all times material hereto." On the other, Plaintiff claims it was conveyed "certain exclusive rights in the Work" through "one or more written agreements," yet fails to attach, describe, or even specify the terms of any such agreement. This is precisely the type of threadbare, conclusory pleading condemned by the Supreme Court in *Twombly* and *Iqbal*, and by the Second Circuit in *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). The Plaintiff's numerous contradictions constitute the antithesis of "well-pleaded allegations" that the Court must accept as true.

Plaintiff's misrepresentations extend beyond mere legal conclusions. In paragraph 6 of its Opposition Brief, Plaintiff falsely asserts that it "provides photography and videography" in the food and beverage industry (Dkt. 33 at ¶ 6). This statement is demonstrably untrue. The business records, public filings, and the absence of any online presence for Rockefeller Photos, LLC confirm that Plaintiff does not offer any photography or videography services whatsoever; all such services are provided by Prepared Food Photos, Inc., which Plaintiff admits is the actual creator, owner, and licensor of the photographs at issue (Dkt. 16 at ¶¶ 7, 10, 23). The only evidence of Plaintiff's activity is its serial filing of copyright lawsuits, not the provision of creative services.

Moreover, Plaintiff's pleadings and opposition are riddled with contradictions and evasions regarding its relationship with Prepared Food Photos and the Court need not accept any such poorly pled allegations. At times, Plaintiff claims to be a legitimate provider of creative

works; at others, it admits to being a mere assignee of litigation rights, with no actual ownership or business activity beyond the pursuit of lawsuits. This pattern of shifting narratives and obfuscation is further evidence of bad faith. Plaintiff's assertion that it possesses an "exclusive right to pursue infringement" is itself an admission that it is simply a litigation vehicle for Prepared Food Photos, as no such "exclusive right *to sue*" exists under the Copyright Act or controlling caselaw. The right to sue for infringement is inseparable from the ownership of an exclusive right in the work, and cannot be assigned independently as a bare right to litigate (*Eden Toys*, 697 F.2d at 32; *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262 (S.D.N.Y. 2014)).

These contradictions and misrepresentations are not mere technical defects—they are dispositive evidence that Plaintiff lacks standing, has no legitimate business activity, and is engaged in a calculated effort to obscure the true nature of its role in this litigation.

Plaintiff's opposition attempts to sidestep these deficiencies by arguing that it need not provide detailed factual allegations or documentary proof at the pleading stage. Be that as it may, Rule 8(a) does not permit a plaintiff to rely on legal conclusions or boilerplate language in lieu of actual facts. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In this District, courts apply the *Kelly* court's four-prong test to determine whether a claim of copyright infringement satisfies the requirements of Rule 8. *See, e.g., Jacobs v. Carnival Corp.,* 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009). To survive dismissal, the complaint must allege: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed

the copyright. *Energy Intelligence Group, Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015). The Plaintiff cannot satisfy the second and third prongs here.

First, Plaintiff admits that it does not own the copyrights both in its complaint and in its opposition (Dkt. 16 at ¶¶ 10, 23; Dkt. 33 at ¶ 7-8). To be abundantly clear, paragraph 23 of the Plaintiff's complaint explicitly states that "[P]laintiff's **above-named customer** [Prepared Food Photos] **owns a valid copyright** in each photograph comprising the Work, having registered the Work with the Register of Copyrights."

Next, Plaintiff's Complaint fails to meet the third prong when it admits that "the Work was not registered within five years of creation/publication" and that "the registration certificate therefore does not constitute "prima facie" evidence of validity." However, the Plaintiff urges the Court to find that "it certainly is evidence enough to satisfy the first element of an infringement claim on a motion to dismiss." (Dkt. 33 at p.14). The cases cited to by the Plaintiff in support of this request are inapposite. In *Ultra-Images, LLC v. Franclemont*, No. 05-60538-CIV, 2007 WL 4557148 (S.D. Fla. Dec. 20, 2007), the copyright owner filed a certificate of registration with the United States Copyright Office for the [Work], and in that application, [copyright owner] identified the copyright claimant as Plaintiff. In *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F. Supp. 2d 794 (M.D. Fla. 2007), "Defendants only challenge to the validity of Plaintiff's copyright of the Model A home design is the fact that Plaintiff did not file the copyright registration until almost seven years after it was first published." Neither case applies here.

The Defendant's challenge to the validity of the Plaintiff's copyright ownership here is based primarily upon (1) Plaintiff's numerous admissions that it ***does not own*** the copyright, and (2) the fact that the copyright registration provided by the Plaintiff names the claimant as "Adlife Marketing & Communications Co Inc.," not the Plaintiff, and not even Prepared Food Photos.

Moreover, the Complaint does not allege, with specificity, the nature, scope, or terms of any purported transfer or license in a manner that would allow the Court to assess standing, nor does it provide the alleged agreement for the Court's review. The latter point there is critical insofar as Plaintiff relies on both *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) and *August Image, LLC v. Line Fin., PBC*, No. 2:23-CV-05492 MWC (ASX), 2024 WL 5316280 (C.D. Cal. Dec. 17, 2024) for the proposition that "standing exists based on similar photographer agreements as at issue herein." (Opposition p. 9). However, Plaintiff conveniently fails to mention that in both of the foregoing cases, the Court was possession of the agreements transferring rights; whereas here, the Plaintiff would rather assert that they are not required "to somehow prove at this pleading stage that the underlying agreements exist."

Plaintiff's mere assertion that it was "conveyed certain exclusive rights," is insufficient as a matter of law and the cases they rely upon to circumvent their responsibility to plead standing are inapposite.

### IV. Admission of Non-Ownership and Legal Implications

Plaintiff's opposition and the underlying Complaint contain a dispositive admission: Rockefeller Photos, LLC is not the owner of the copyright at issue. Plaintiff repeatedly concedes that "Prepared Food Photos is the owner of the work and remained the owner at all times material hereto." (Dkt. 16 at ¶¶ 10, 23; Dkt. 33 at ¶ 7-8).

This admission is fatal under the Copyright Act and controlling caselaw. Section 501(b) of the Copyright Act authorizes only "the legal or beneficial owner of an exclusive right under a copyright" to institute an action for infringement. The Second Circuit has made clear that standing requires actual ownership or exclusive license, supported by a written transfer of rights. In *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, the court held that "[t]he Copyright Act does

7

not permit copyright holders to choose third parties to bring suits on their behalf" and that only the owner or exclusive licensee of the right allegedly infringed may sue. The mere assertion of rights through unspecified agreements is insufficient.

### V. Failure to Adequately Allege Infringement

Plaintiff's Complaint and opposition are devoid of any factual allegations establishing that Defendant engaged in a volitional act of infringement. Instead, Plaintiff relies on the mere identification of a URL hosted on Defendant's domain and the assertion that the subject photograph appeared on Defendant's website. This is legally insufficient to state a claim for direct copyright infringement.

Direct infringement requires more than passive involvement or the operation of a platform on which infringing content may appear, which even Plaintiff admits is exactly what the Defendant is (Dkt. 16 at ¶ 12). Courts have consistently held that liability for direct infringement attaches only where the defendant has engaged in a volitional act that causes the alleged infringement. In *CoStar Grp., Inc. v. LoopNet, Inc.*, the Fourth Circuit held that a website operator who passively stored user-submitted content was not liable for direct infringement absent evidence of volitional conduct. The court explained that "the mere operation of a system that automatically stores material at the direction of users" does not constitute direct infringement; there must be some affirmative act by the defendant to cause the infringement. Similarly, in *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, the court found that an online service provider could not be held liable for direct infringement where it merely provided the means for users to upload content, without any active involvement in the infringing act.

Here, Plaintiff's allegations do not rise above this threshold. There are no factual assertions that Defendant exercised any control over the selection, display, or dissemination of the Work. Defendant's role as a passive aggregator of third-party email newsletters is well established in the record and is admitted to by Plaintiff. Defendant does not curate, edit, or otherwise exercise any volitional control over the material that appears on its platform.

Moreover, the face of Plaintiff's own Complaint and the attached screenshot make clear that the photograph at issue was published by meatprocessingproducts.com, not by Defendant. (Dkt. 16 at ¶ 14). The screenshot included by Plaintiff explicitly displays the meatprocessingproducts.com branding and URL, confirming that this third party—not Defendant—was the actual publisher of the image. Plaintiff's attempt to attribute publication or display to Defendant is not only unsupported by the factual record, but is directly contradicted by its own evidence. Plaintiff's failure to acknowledge or address this inescapable reality is yet another example of its strategy to manufacture a claim where none exists. The Court should not permit Plaintiff to survive a motion to dismiss by ignoring the plain evidence in its own pleadings.

## VI. Failure to Join Necessary and Indispensable Parties

Plaintiff's Complaint is fatally defective for failing to join indispensable parties, specifically the true copyright owner, Prepared Food Photos, Inc., and the third-party publisher, meatprocessingproducts.com. Federal Rule of Civil Procedure 19(a) requires the joinder of any party whose absence would prevent the court from according complete relief among existing parties, or whose interests may be impaired or impeded by the disposition of the action. The Second Circuit has consistently held that the actual copyright owner is a necessary party to an infringement action, as their rights may be directly affected by the outcome. See *Viacom Int'l,*

9

*Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000) (copyright owner is a necessary party under Rule 19).

Here, Plaintiff admits that "Prepared Food Photos is the owner of the work and remained the owner at all times material hereto." This admission alone demonstrates that Prepared Food Photos has a direct and substantial interest in the subject matter of this litigation. Any judgment rendered in its absence would be incomplete and potentially subject to collateral attack, as the true owner's rights would be affected without their participation. The failure to join Prepared Food Photos deprives the Court of the ability to accord complete relief and risks impairing the rights of the true owner, in direct contravention of Rule 19(a).

Additionally, Plaintiff fails to join meatprocessingproducts.com, the entity who clearly and undeniably published the image on Defendant's website. Because this third party was responsible for the initial publication or distribution of the Work, it is a necessary party for a full adjudication of liability and damages under Rule 19. See *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996).

While the Plaintiff tries to circumvent this requirement by arguing that "there is no allegation in the Complaint that meatprocessingproducts.com is the responsible party" (Dkt. 33 at p. 13), this argument can be readily ignored when their own exhibit indicates clearly that "meatprocessingproducts.com *is* the responsible party" (see *Zoulas v. N.Y. City Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019), "while the Court must accept the facts as alleged in the complaint, when any allegations contradict the evidence contained in the documents relied upon by a plaintiff, the documents control, and the Court need not accept the allegations contained within the complaint as true" (quoting *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 128 (S.D.N.Y. 2002)).

Plaintiff's opposition also relies on the argument that a holder of an exclusive right can sue for infringement without joining other co-owners, citing *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.* and *Davis v. Blige*. This argument is entirely misplaced. The issue before the Court is not co-ownership, but the complete absence of any factual or documentary support for Plaintiff's claim to exclusive rights, coupled with Plaintiff's explicit admission that Prepared Food Photos is the sole rights holder.

Plaintiff's omission from this action of the true owner of the Work and the actual publisher of allegedly infringing material is a fundamental defect that precludes the Court from resolving the dispute and risks prejudice to absent parties.

## VII. Statute of Limitations and Discovery Rule

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Second Circuit has adopted the discovery rule, under which a claim accrues when the plaintiff discovers, or with reasonable diligence should have discovered, the alleged infringement. *Sohm v. Scholastic Inc.*, 959 F.3d 39, 49–50 (2d Cir. 2020). However, the application of the discovery rule is not automatic; it requires well-pleaded factual allegations demonstrating that the plaintiff could not have discovered the infringement earlier through reasonable diligence.

Plaintiff's Complaint offers only a conclusory assertion of "ongoing diligent efforts to identify unauthorized use," without any factual detail as to what those efforts entailed, why they were reasonable, or why the alleged infringement could not have been discovered sooner. Such threadbare recitals are insufficient under *Twombly* and *Iqbal*, which require more than mere legal conclusions or formulaic assertions to survive a motion to dismiss.

Plaintiff's litigation history and procedural conduct further eviscerate any claim to reasonable diligence. The PACER records show that Plaintiff and its predecessor, Prepared Food Photos, have filed hundreds of copyright lawsuits in federal court, demonstrating a high degree of sophistication and experience in monitoring and enforcing purported rights. This is not the conduct of a party who could not reasonably discover alleged infringements; it is the conduct of a serial litigant who is well-versed in copyright enforcement.

Plaintiff's reliance on *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024), is misplaced. While the Second Circuit clarified that there is no categorical "sophisticated plaintiff" exception to the discovery rule, it did not abrogate the requirement that plaintiffs plead specific facts showing reasonable diligence in discovering the alleged infringement. In fact, it doubled down on it "a plaintiff has the length of time it takes, *using due diligence*, to discover the infringement." *Id*., (emphasis added).

The law therefore remains the same: a plaintiff must allege with particularity why the infringement could not have been discovered earlier, and conclusory assertions of diligence are insufficient.

### VIII. Conclusion

The tone and substance of Plaintiff's opposition, coupled with its procedural conduct throughout this litigation, leave no doubt as to its true intent: Plaintiff is not seeking legitimate relief, but rather is engaged in a transparent campaign to survive a motion to dismiss and thereby drive up the cost of litigation for Defendant. The opposition is replete with evasive language, unsupported assertions, and deliberate misrepresentations, all designed to obfuscate the absence of any substantive claim. The Court should not reward such conduct.

Dismissal with prejudice is warranted.

Dated: September 25, 2025

                                              Respectfully submitted,

*Natalie Sulimani*

Natalie Sulimani, Esq.
*Attorney for Defendant*
150 Broadway, Suite 1703,
New York, NY 10038
(212) 863-9614
natalie@sulimanilawfirm.com

## **WORD COUNT CERTIFICATION**

      I hereby certify that the foregoing memorandum of law is less than 3500 words in compliance with Local Rule 7.1(c).

*Natalie Sulimani*
Natalie Sulimani