

Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T  877-HERO-CAT (877-437-6228)
E  help@copycatlegal.com

October 28, 2025

**VIA ECF**

Judge Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**RE:   Rockefeller Photos, LLC v. Full Stack, LLC d/b/a Milled.com, Case No. 1:25-cv-06764-JAV**

Dear Judge Vargas:

Pursuant to the September 4, 2025 Notice of Initial Pretrial Conference ("Notice") [D.E. 32] and the October 27, 2025 Order ("Order") [D.E. 39], plaintiff Rockefeller Photos, LLC ("Plaintiff") and defendant Full Stack, LLC d/b/a Milled.com ("Defendant") (collectively, the "Parties") hereby submit this joint letter as required by the Notice and Order.

**I.     Brief Statement of Nature of the Case**

   **a.     Factual Bases for the Claim**

The Complaint in this lawsuit asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized publication on its website of a single photograph of raw pork sausage. Plaintiff seeks an award of actual damages/disgorgement of profits as provided for in the Copyright Act. Alternatively, and at Plaintiff's election, Plaintiff may elect statutory damages pursuant to 17 U.S.C. § 504(c).

As set forth in the Complaint, Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering its customers access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

Defendant owns and operates an online newsletter aggregator.

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). "Copyright infringement [has] two elements [that] must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Clanton v. UMG Recordings, Inc., 556 F. Supp. 3d 322, 327 (S.D.N.Y. 2021) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, (1991)).

      **b.**      **Defenses**

At this stage, it is difficult to determine what issues (if any) are actually in dispute. Defendant has not filed its response to the Complaint yet as it has a pending Motion to Dismiss [D.E. 29]. Thus, it is unclear at this time which defenses Defendant intends to pursue.

Defendant maintains that the Complaint fails to state a claim for relief. As set forth in its pending Motion to Dismiss, Plaintiff lacks standing because it is not the legal or beneficial owner of any exclusive rights under the Copyright Act; the claim is barred by the three-year statute of limitations; necessary parties have not been joined; and the allegations do not plausibly establish infringement. Defendant reserves the right to seek attorneys' fees under 17 U.S.C. § 505 if the Court determines the action was not reasonably brought.

**II.**      **Jurisdiction and Venue**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015). Because this is an infringement action arising under the Copyright Act (17 U.S.C. § 501 *et seq.*), venue (pursuant to 28 U.S.C. § 1400(a)) is proper in any district in which Defendant is subject to personal jurisdiction. See Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper."). Although § 1400(a) provides that Defendant is subject to personal jurisdiction in any of New York's federal courts, Plaintiff believes it to be more efficient for this action to continue in the Southern District (where Defendant's principal place of business is located and Defendant's counsel is admitted). The Parties consent and agree to jurisdiction and venue within the United States District Court for the Southern District of New York.

**III.     Existing Deadlines**

Currently, the Parties have submitted their proposed scheduling order [D.E. 39].

**IV.     Outstanding Motions**

At this time, Defendant's Motion to Dismiss the First Amended Complaint [D.E. 29] is pending. Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion to Dismiss [D.E. 33]. Defendant has filed its Reply to the Opposition to the Motion to Dismiss [D.E. 34].

**V.      Discovery**

Plaintiff served its Initial Disclosures on October 28, 2025. No additional discovery has been exchanged. Plaintiff anticipates serving discovery requests shortly after the parties engage in their 26(f) conference.

**VI.     Settlement**

Below is a bulleted list of all prior settlement discussions, including the date, the parties involved. Settlement Discussions throughout the course of the suit have likely totaled to about 1.5-2 hours, approximately.

- June 7, 2023 – Plaintiff sent an initial pre-suit demand to Defendant
- June 30, 2023 – Plaintiff sent a follow up email to Defendant
- July 10, 2023 – Plaintiff sent a follow up email to Defendant
- July 19, 2023 – Plaintiff sent a follow up email to Defendant
- July 20, 2023 – Counsel for Defendant sent a response to Plaintiff, to which counsel for Plaintiff responded the same day
- July 27, 2023 – Counsel for Plaintiff sent a follow up to counsel for Defendant
- July 28, 2023 – Counsel for Defendant responded to counsel for Plaintiff
- August 4, 2023 - Counsel for Plaintiff responded to counsel for Defendant
- August 31, 2023 - Counsel for Plaintiff emailed counsel for Defendant
- September 5, 2023 – Counsel for Defendant emailed counsel for Plaintiff and made a financial proposal to resolve the matter
- September 6, 2023 – Counsel for Plaintiff proposed a counter settlement position
- May 23, 2025 – Plaintiff for counsel emailed counsel for Defendant about potential resolution
- July 11, 2025 – Plaintiff's counsel followed up regarding resolutions
- July 18, 2025 – Plaintiff's counsel followed up regarding resolutions
- July 22, 2025 – Counsel for Defendant rejected the settlement position; Plaintiff's counsel asked if Defendant had a counter resolution proposal
- August 7, 2025 – Plaintiff's counsel followed up on resolution discussions
- September 2, 2025 – Plaintiff's counsel followed up on resolution discussions
- October 17, 2025 – Plaintiff's counsel followed up on resolution discussions

- October 22, 2025 – Defendant's counsel communicated that Defendant will not be engaging in settlement discussion until there is a resolution on its outstanding Motion to Dismiss.

Defendant believes the case should be dismissed in its entirety and that early settlement is unlikely absent withdrawal of the claim.

## VII.  Alternate Dispute Resolution

The Parties have discussed the use of alternate dispute resolution mechanisms.

Plaintiff believes that a settlement conference with a privately retained mediator would be appropriate. Plaintiff believes that mediation would be appropriate within the next 120 days. Plaintiff believes that the Parties would benefit from having time to engage in discovery prior to mediation.

Defendant does not believe this would be productive while its motion to dismiss remains pending and continues to maintain that this action is frivolous.

## VIII.  Any Additional Information

The Parties are unaware of any additional information that may assist the Court in advancing the case to settlement or trial at this stage.

Defendant further submits that it has incurred unnecessary expense responding to a boilerplate copyright complaint that fails to identify any actionable copying, and respectfully requests that the Court consider a schedule that minimizes burden pending resolution of the motion to dismiss.

Respectfully submitted,

| /s/ Daniel DeSouza | /s/ Natalie Sulimani |
|---|---|
| Daniel DeSouza, Esq. | Natalie Sulimani, Esq. |
| *Counsel for Plaintiff* | *Counsel for Defendant* |